## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 22-7197 PA (KKx) | Date | March 3, 2023 |
|---|---|---|---|
| Title | GS Holistic, LLC v. Royal Distribution Group, Inc. et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

      Plaintiff GS Holistic, LLC ("Plaintiff") commenced this action on October 3, 2022. This action is one of over 140 actions that Plaintiff and Plaintiff's counsel have filed in the Central District since July 1, 2022. On February 16, 2023, this Court issued an Order to Show Cause requiring Plaintiff to show cause in writing why this action should not be dismissed for lack of prosecution, as defendants had not yet answered the complaint. (Docket No. 17.) Under Federal Rule of Civil Procedure 12(a)(1), defendants must answer the complaint within 21 days after service. Here, by the time the Court issued its Order to Show Cause on February 16, 2023, Rule 12(a)(1)'s 21-day period had already expired by nearly three months without action by Plaintiff. The Order to Show Cause required Plaintiff to file a Response by February 24, 2023 and warned that "[f]ailure to respond to this Order may result in the imposition of sanctions, including but not limited to dismissal of the complaint." (Docket No. 17.) On February 24, 2023, Plaintiff requested the Clerk enter Default but the Clerk refused that request for a deficient proof of service. (Docket Nos. 19, 20.) To date, Plaintiff has not filed a Response to the Order to Show Cause.

      This is just one of many cases in which Plaintiff's counsel has failed to comply with the Federal Rules of Civil Procedure and failed to provide an adequate explanation for that failure. These consistent failures, which cause the Court to have to monitor the progress of Plaintiff's counsel's cases, issue Orders to Show Cause, track and review Plaintiff's counsel's Responses, and manage the Court's docket, and unnecessarily tax the Court's limited resources. Indeed, the Court has previously admonished Plaintiff and Plaintiff's counsel regarding its prior violations of the Local Rules and the Court's Orders.

      The Court has also dismissed other actions filed by Plaintiff as a result of Plaintiff's failures to serve defendants within the deadline established by Rule 4(m) and as a result of Plaintiff's insufficient efforts to diligently prosecute its actions. In <u>GS Holistic, LLC v. Crown Smoke & Vape, Inc.</u>, Case No. CV 22-6110 PA (MARx), for instance, the Court repeatedly identified the procedural deficiencies in Plaintiff's filings and later ordered Plaintiff's counsel to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-7197 PA (KKx) | Date | March 3, 2023 |
|---|---|---|---|
| Title | GS Holistic, LLC v. Royal Distribution Group, Inc. et al. | | |

submit a Declaration stating that he had reviewed the Local Rules. Despite these lesser sanctions, Plaintiff and Plaintiff's counsel continued to violate the Local Rules and repeated some of the same filing errors the Court had repeatedly identified. In that case, Plaintiff also failed to timely serve one of the defendants, and the Court eventually dismissed the action after Plaintiff missed several deadlines. In dismissing that action without prejudice as a "lesser sanction," the Court warned that "[a]ny future violations of the Court's Orders, the Local Rules, or the Federal Rules of Civil Procedure by Plaintiff or Plaintiff's counsel in this or other actions pending in this Court will result in the issuance of an order to show cause why Plaintiff and Plaintiff's counsel should not be sanctioned." Despite all of those warnings, Plaintiff's and Plaintiff's counsel's pattern of missing deadlines and violations of the Court's Orders, the Local Rules, and the Federal Rules of Civil Procedure continue. In addition to Plaintiff's failure to prosecute in this action, the Court also dismissed GS Holistic, LLC v. Smoker's Paradise Smoke Shop, Case No. CV 22-6747 PA (Ex), for failure to prosecute and comply with the Court's Orders.

The Court therefore concludes that Plaintiff and Plaintiff's counsel have failed to diligently prosecute this action. A court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629–30, 82 S. Ct. 1386, 1388–89, 8 L. Ed. 2d 734; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987–88.

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor. Id.

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-7197 PA (KKx) | Date | March 3, 2023 |
|---|---|---|---|
| Title | GS Holistic, LLC v. Royal Distribution Group, Inc. et al. | | |

dismissal." (quoting Yourish, 191 F.3d at 990)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissing defendants. See id. ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").

The third Henderson factor at least marginally favors dismissal. While "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," see Pagtalunan, 291 F.3d at 642, unreasonable delay creates a presumption of prejudice, see In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994); Moore v. Teflon Commc'ns Corp., 589 F.2d 959, 967–68 (9th Cir. 1978). Here, as discussed above, Plaintiff has not adequately prosecuted this matter and Plaintiff has not adequately explained Plaintiff's failure to do so.

The fourth and fifth Henderson factors also favor dismissal of this action. The Court's Orders in the prior actions, and admonishments notified Plaintiff and Plaintiff's counsel of the requirements of Rules 4(m) and 12(a)(1), and warned of the consequences of failing to prosecute. Plaintiff was on notice that the failure to adequately prosecute its claims against defendants could result in the dismissal of the action. Despite this notice, Plaintiff has failed to demonstrate that Plaintiff's efforts to serve defendants or to otherwise prosecute Plaintiff's claim against them show diligence. Additionally, the Court is adopting the "less-drastic" sanction of dismissal without prejudice. See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996); see also Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Thus, the Henderson factors weigh in favor of dismissing the action.

Accordingly, as a result of Plaintiff's failure to diligently prosecute, this action is dismissed without prejudice. See Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986–88; Ferdik, 963 F.2d at 1260. The Court will issue a Judgment consistent with this Order.

The Court is not a substitute for Plaintiff's counsel's own calendaring of relevant deadlines. The continued violations of the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders by Plaintiff and Plaintiff's counsel risk the imposition of additional and escalating sanctions, including referral of Plaintiff's counsel to the Court's Standing Committee on Discipline.

IT IS SO ORDERED.